# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-505V
Filed: December 20, 2019

* * * * * * * * * * * * *
| | | |
|---|---|---|
| JEFFREY A. BALES | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Guillain-Barre Syndrome |
| v. | * | ("GBS"); Influenza |
| | * | ("Flu") Vaccine |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * *

*Nancy Meyers, Esq.*, Ward Black Law, Greensboro, NC, for petitioner.
*Althea Davis, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On April 25, 2016, Jeffrey Bales ["Mr. Bales or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") after receiving an influenza vaccine on September 23, 2014. Stipulation, filed Dec. 20, 2019, at ¶¶ 1-4. Respondent denies that the aforementioned immunization caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On December 20, 2019, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent agrees to issue the following payments:

(1) **A lump sum of $672,197.80** (which amount includes $469,197.80 for Year One life care plan expenses, $3,000.00 for past unreimbursed expenses and $200,000 for past and future pain and suffering) in the form of a check payable to petitioner, Jeffrey Bales;

(2) **A lump sum payment of $120,000.00,** representing trust seed funds, which consists of partial compensation for Mr. Bales' skilled nursing and home health aide care for the year 2029 in present day dollars. This amount shall be payable to the Jeffrey A. Bales Reversionary trust, to establish a grantor reversionary trust for the benefit of Jeffrey A. Bales, by and among the United States as Grantor; Counsel Trust Company as Trustee; and petitioner.

(3) **A lump sum of $296,464.60**, which amount represents compensation for satisfaction of the State of South Carolina Medicaid lien, in the form of a check payable jointly to petitioner and

> Department of Health & Human Services
> Reporting and Receivables
> P.O. Box 8355
> Columbia, South Carolina 29202-9189
> Case number: 368029

Petitioner agrees to endorse this payment to the Department of Health and Human Services.

(4) **An amount sufficient to purchase the annuity contract** described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.

This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/ Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEFFREY A. BALES, | ) |
| Petitioner, | ) No. 16-505V |
| | ) Special Master |
| v. | ) Mindy Michaels Roth |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| Respondent. | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jeffrey A. Bales, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ('flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his influenza vaccine on September 23, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he sustained the first symptom or manifestation of Guillain-Barre Syndrome (GBS) on or about November 7, 2014. Petitioner further alleges that he has suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages by him or on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged Guillain-Barre Syndrome or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

    a.    A lump sum of $672,197.80 (which amount includes $469,197.80 for Year One life care plan expenses, $3,000.00 for past unreimbursed expenses and $200,000 for past and future pain and suffering) in the form of a check payable to petitioner;

    b.    A lump sum payment of $120,000.00, representing trust seed funds, which consists of partial compensation for Mr. Bales' skilled nursing and home health aide care for the year 2029 in present day dollars. This amount shall be payable to the Jeffrey A. Bales Reversionary Trust, to establish a grantor reversionary trust for the benefit of Jeffrey A. Bales, by and among the United States as Grantor; Counsel Trust Company as Trustee; and petitioner.

    c.    A lump sum of $296,464.60, which amount represents compensation for satisfaction of the State of South Carolina Medicaid lien, in the form of a check payable jointly to petitioner and

              Department of Health and Human Services
              Reporting and Receivables
              P.O. Box 8355
              Columbia, South Carolina 29202-9189
              Case number: 368029

Petitioner agrees to endorse this payment to the Department of Health and Human Services.

    d.    An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

The above amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

- a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
- b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
- c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
- d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract[1] from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to the trustee for the following items of compensation:

- a. For future unreimbursable Medicare premiums, beginning on the first anniversary of the date of judgment, an annual amount of $1,626.00, to be paid up to the year 2036, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

- b. For future unreimbursable Medicare Part-B deductible, beginning on the anniversary of the date of judgment in the year 2036, an annual amount of $185.00, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

- c. For future unreimbursable AARP Medicare Complete HMO premiums, beginning on the first anniversary of the date of judgment, an annual amount of $6,700.00, to be paid up to the year 2036, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

---

[1] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

3

d.  For future unreimbursable AARP Medicare Complete HMO Medication co-pays, beginning on the first anniversary of the date of judgment, an annual amount of $5,100.00, to be paid up to the year 2036, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

e.  For future unreimbursable Medigap premiums, beginning on the anniversary of the date of judgment in the year 2036, an annual amount of $1,853.64, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

f.  For future unreimbursable Medicare Part-D premiums, beginning on the anniversary of the date of judgment in the year 2036, an annual amount of $697.00, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

g.  For future unreimbursable Medicare Part-D medication co-pays, beginning on the anniversary of the date of judgment in the year 2036, an annual amount of $2,150.53, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

h.  For future unreimbursable case management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,200.00, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

i.  For future unreimbursable skilled nursing care and home health aide expenses, beginning on the first anniversary of the date of judgment, an annual amount of $320,540.00, to be paid up to the anniversary of the date of judgment in the year 2029, then beginning on the anniversary of the date of judgment in year 2029, an annual amount of $200,540.00, to be paid up to the anniversary of the date of judgment in the year 2030, then beginning on the anniversary of the date of judgment in year 2030, an annual amount of $320,540.00, to be paid for the remainder of Jeffrey Bales' life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment;

j.  For future unreimbursable skilled nursing respite care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $14,448.00, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

k.  For future unreimbursable hospital bed with mattress expenses, beginning on the first anniversary of the date of judgment, an annual amount of $100.00, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

l.  For future unreimbursable handheld shower expenses, beginning on the first anniversary date of judgment, an annual amount of $10.20, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

m.  For future unreimbursable portable ramp expenses, beginning on the first anniversary date of judgment, an annual amount of $19.75, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

n.  For future unreimbursable bed table expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7.50, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

o.  For future unreimbursable suction machine expenses, beginning on the first anniversary of the date of judgment, an annual amount of $60.99, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

p.  For future unreimbursable medication expenses, including Pantoprazole, Methadone, Pepcid, Ondansetron ODT, Lyrica, Trazodone, Benzonatate, Epipen, Albuterol, Oxymorphone, Silver Nitrate, Aquaphor/Nystatin Powder, Hydrocortisone (15mg), Hydrocortisone (5mg), Phenazopyridine, Tylenol and Loperamide, beginning on the first anniversary of the date of judgment, an annual amount of $1,229.97 to be paid up to the year 2036; then beginning on the anniversary of the date of judgment in the year 2036, an annual amount of $743.81 to be paid for the remainder of Jeffrey Bales' life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment;

q.  For future unreimbursable Bowel and Bladder Supply expenses to include attends, non-sterile gloves, under pads, wipes, lubricant jelly, bisacodyl sodium suppository and polyethylene glycol, beginning on the first anniversary of the date of judgment, an annual amount of $2,095.40, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

r.  For future unreimbursable Adaptive Van expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,000.00, to be paid for the remainder of Jeffrey Bales' life, this amount increasing at the rate of three percent (3%), compounded annually from the date of judgment;

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the trustee in monthly, quarterly, annual or other

5

installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the trustee and do not require that the payment be made in one annual installment. The trustee will continue to receive the annuity payments from the Life Insurance Company only so long as Jeffrey Bales is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of Jeffrey Bale's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this stipulation is not for any items or services for which the Program is not

primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably expect to be made under any compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or

unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from the influenza vaccination administered on September 23, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about April 26, 2016, in the United States Court of Federal Claims as petition No. 16-505V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

8

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccination caused petitioner's alleged Guillain-Barre Syndrome or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

9

Respectfully submitted,

**PETITIONER:**

_____
JEFFREY A. BALES

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
NANCY MEYERS
Ward Black Law
208 West Wendover Avenue
Greensboro, North Carolina 27401-1307
(336) 333-2244

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_Ward Sorensen for_
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515

Dated: December 20, 2019

10